# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATE A. LINDELL,

    Plaintiff,

v.                                                Case No. 19-CV-255

WILLIAM J. POLLARD,
STEVE SCHUELER,
JOHN KIND,
JAY VAN LANEN,
DREW WEYCKER,
KYLE PEOTTER,
JOSHUA GOMM,
JESSE AULT,
MICHAEL NEVEU, and
ALEX BONIS,

    Defendants.

## ORDER

Plaintiff Nate Lindell has filed a motion to compel the defendants to immediately respond to discovery requests that the court directed them to provide on May 22, 2020, and to immediately provide responses to his Fourth Set of Interrogatories and Documents. (ECF No. 67.) Lindell states that counsel for the defendants has assumed he could ignore Lindell's fourth set of discovery requests for two months and points out that this court gave him no deadline to provide the discovery. (*Id.*)

In response to Lindell's motion the defendants state that they are diligently gathering the items ordered to be produced. (ECF No. 70 at 1.) According to the defendants, it will take a substantial amount of time to redact personal information from the inmate complaints the defendants have been ordered to locate and produce. (*Id.*) They state that they will send Lindell the answers they have gathered thus far and send him the rest by supplementation. (*Id.*) With regard to responses to Lindell's Fourth Sets of Interrogatories and Requests for Production of Documents, the defendants explain that, while their responses normally would have been due by April 29, 2020, the court's General Order 20-8 extended that deadline to June 29, 2020. The defendants state (in their June 22, 2020 response) that they intend to mail their discovery responses before that deadline. (*Id.* at 2.)

Lindell filed a reply in which he says that defendants' responses to his discovery requests have been delivered to him days, and usually more than a week, late. (ECF No. 72 at 1-2.) The defendants have, or will promptly, respond to Lindell's discovery requests. Thus, the court will deny as moot his motion to compel.

Lindell has also filed a motion to compel disclosure of video/audio footage obtained on discovery to his agents—specifically, to a purported expert witness. (ECF No. 68 at 1.) Lindell states that, by refusing to allow his agents to have the footage, the defendants are depriving him of the ability to have the footage scrutinized. (*Id.* at 2.) He requests that the footage be turned over to an email address he provides: zigmond@pitt.edu.

In response the defendants state that they do not intend to send items to third parties unless it is clear they are interested parties. (ECF No. 70 at 2.) They state that, if Lindell's alleged expert contacts counsel for defendants and confirms a relevant interest in the matter, counsel will mail him the relevant material absent any further objection by his clients. (*Id.*) The defendants also state that Dr. Michael Zigmond (who appears to be the person at zigmond@pitt.edu who Lindell claims is his expert) appears to be an expert in neurology, not video tampering, which is the putative reason Lindell says he wants Zigmund to review the video. (*Id.*)

Lindell filed a reply in which he states that he contacted Professor Zigmund, who will be contacting counsel for defendants. (ECF No. 72.) The court will therefore deny as moot Lindell's motion to compel.

**THEREFORE, IT IS ORDERED** that Lindell's motion to compel AAG Held to immediately respond to discovery requests (ECF No. 67) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Lindell's motion to compel disclosure of footage to Lindell's agents (ECF No. 68) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin this 9th day of July, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge