# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NATE A. LINDELL,**

    Plaintiff,

  v.                                                        Case No. 19-CV-255

**WILLIAM J. POLLARD,**
**STEVE SCHUELER,**
**JOHN KIND,**
**JAY VAN LANEN,**
**DREW WEYCKER,**
**KYLE PEOTTER,**
**JOSHUA GOMM,**
**JESSE AULT,**
**MICHAEL NEVEU, and**
**ALEX BONIS,**

    Defendants.

## ORDER

Plaintiff Nate A. Lindell, a state prisoner who is representing himself, is proceeding on claims that the defendants retaliated against him by subjecting him to a degrading strip search and placing him a feces-smeared cell, in violation of the First and Eighth Amendments to the United States Constitution. (ECF No. 13.) Specifically, Lindell alleges that defendants Cpt. VanLanen and Gomm retaliated against him for writing complaints and articles by subjecting him to a degrading strip search; that defendants VanLanen, Gomm, Neveu, Ault, Bonis, Weycker, and Peotter retaliated against Lindell for his complaints and letter writing by placing him in a feces-smeared cell; and that defendants Pollard, Schueler, and Kind turned a blind

eye to abusive and retaliatory treatment of inmates in Green Bay Correctional Institution's Restrictive Housing Unit. (ECF No. 47.) The defendants have filed a motion for a protective order. (ECF No. 71.) Lindell has filed a motion for sanctions (ECF No. 73), a motion to compel (ECF No. 76), and a combined motion to appoint counsel and to extend deadlines (ECF No. 77).

1. *Defendants' Motion for Protective Order*

The defendants move for a protective order against any requests for admission from Lindell beyond those they already answered. (ECF No. 71 at 2.) They state that Lindell mistakenly claims that he may serve 500 requests for admission on each defendant because there are ten defendants. (*Id.* at 1.) The defendants explain that Lindell appears to believe that he may multiply the number of defendants (ten) by 50 and serve the resulting number (500) on each defendant. (*Id.*) The defendants state that each defendant has already responded to 83 requests for admission and that Lindell wants each defendant to respond to about 96 more. (*Id.*) They seek a protective order under Federal Rule of Civil Procedure 26(c)(1) because Lindell has allegedly threatened to file a sanctions motion if defendants do not respond to his requests. (*Id.* at 2.)

In response, Lindell requests that the court deny the defendants' motion and instead compel them to properly answer his admission requests and related discovery requests. (ECF No. 84 at 1.) Lindell states that discovery has revealed massive indifference to atrocious conditions in the segregation unit. (*Id.*) Lindell states that

2

his actual admission requests demonstrate that they are neither excessive in quantity nor frivolous. (*Id.* at 2.)

No party may serve upon any other party more than 50 written requests for admission without leave of court. Civil L.R. 36(a)(1) (E.D. Wis.). In other words, Lindell may submit 50 requests for admission on each defendant. Based on the defendants' assertion that each defendant has already responded to 83 requests for admission, Lindell may only submit additional requests for admission by following the below guidelines:

> (3) More than 50 requests for admission may be served on a party only if that party agrees in writing or the Court so orders. A party seeking to serve more than 50 requests for admission may move the Court for permission only after seeking the agreement of the party on whom the additional requests for admission would be served. If a party desires to serve additional requests for admission, the party must promptly consult with the party to whom the additional requests for admission would be propounded and attempt to reach written stipulation as to a reasonable number of additional requests for admission. The stipulation allowing additional requests for admission to be served should not be filed with the Court except in connection with a motion to compel answers. If a stipulation cannot be reached, the party seeking to serve additional requests for admission may move the Court for permission to serve additional requests for admission.

Civil L.R. 36(a)(3) (E.D. Wis.). The court will not compel a party to answer any requests for admission served in violation of Civil Local Rule 36. Civil L.R. 36(a)(4) (E.D. Wis.). To the extent Lindell seeks more requests for admission than permitted by the Local Rules, the court will grant the defendants' motion for a protective order.

Lindell's response to the defendants' motion for a protective order includes a request to compel the defendants to properly answer his admission requests "and

3

related discovery requests." (ECF No. 84 at 1, 2-3.) He states that, "For the same reasons that I gave and this court accepted at our 21 May hearing, defendants should be ordered to provide the other material recordings I've identified (my accomp. Decl. pp. 5-6 ¶5-6) and repeatedly sought on discovery (e.g. Dkt. #78 p 8 ¶11 Exh 116 pp 1&2 & Dkt #69 p. 1 ¶2, Exh. 86 pp. 3-4 ¶sd – h), complaints submitted by other prisoners about retaliation (Dkt. #78 pp. 6-7 ¶8 Exh. 115) … and my A.R.s that they refused to answer & frivolously sought protection from." (ECF No. 84 at 3.) Lindell has not provided grounds for compelling the defendants to respond to the additional discovery he references in his request. Thus, the court will deny his request to compel.

2. *Lindell's Motion for Sanctions*

Lindell requests that the court issue sanctions against the defendants for denying factual allegations they knew to be truthful. (ECF No. 73.) He says that evidence he obtained from discovery in another case proves the defendants knew that he would writing about them the day he arrived in their prison, but that the defendants denied knowing that Lindell was writing articles about them. (*Id.* at 1-2.) Lindell also states that the defendants denied facts related to feces smeared on his cell window, but that they provided him video footage that proves Lindell's pleadings regarding this issue. (*Id.* at 2.) Lindell contends that the defendants violated Federal Rule of Civil Procedure 11(b)(4), 11(b)(1), and 8(b), as well as 28 U.S.C. § 1927, and that sanctions should include entry of judgment in his favor. (ECF No. 73 at 2.)

In response the defendants contend that the court should deny Lindell's motion because Van Lanen appropriately denied that he told Lindell that he knew he was

4

writing blog posts. (ECF No. 74 at 1.) The court agrees with the defendants that Van Lanen's denial of an allegation in the original complaint (ECF No. 1 at 2 ¶10) is not inconsistent with the emails Lindell obtained in discovery. Sanctions are not warranted.

The defendants also contend that the court should deny Lindell's motion because they appropriately admitted in their answers that they wore body cameras (and have since provided relevant footage) and appropriately denied that there were feces in the window of the cell. (ECF No. 74 at 2.) The defendant state that they intend to submit evidence at summary judgment in support of that denial. (*Id.* at 2.) Lindell contends that to properly resolve his motion the court must review the video footage in question. (ECF No. 83 at 1.) The court disagrees. Lindell has not shown that sanctions are warranted, and the court will deny his motion.

3. *Lindell's Motion to Compel*

Lindell has moved to compel counsel for defendants to comply with the court's May 22, 2020 order. (ECF No. 76.) He requests that the court sanction the defendants for refusing to provide the declaration the court directed them to provide, explaining why no other body worn camera or security camera footage was provided despite defendants' policy requiring such footage be made and preserved. (*Id.* at 1.)

The defendants explain that on June 22, 2020, they produced the relevant discovery responses that the court on May 22, 2020, ordered them to provide. The defendants include a copy of the relevant mailing, which exceeds 600 pages. (ECF

5

Nos. 82-1 – 82-8.) The defendants have also attached Captain Swiekatowski's declaration concerning searches for video. (ECF No. 81.)

On May 22, 2020, the court ordered the defendants to provide any video or audio footage that exists involving Lindell from November 30, 2018, and to include a declaration from the institution's inmate litigation coordinator explaining efforts made to obtain any video or audio footage that is not available.[1] (ECF No. 65 at 2.) While Lindell takes issue with the Captain Swiekatowski's declaration explaining his search for video (ECF No. 86), the court finds that the declaration thoroughly responds to the court's May 22, 2020 order. The court will deny Lindell's motion to compel.

4. *Lindell's Motion to Appoint Counsel and to Extend Time*

Lindell requests that the court extend the deadlines for the completion of discovery and filing dispositive motions or put the deadlines on hold until counsel can be found to represent him. (ECF No. 77 at 1.) In support of his request for counsel Lindell states that the defendants have demonstrated that they are willing and able to deny him access to critical evidence, that he has a strong case, and that he has evidence to prove his claims. (*Id.* at 2.) He also states that resolving his claims will require evidence that it is difficult for him to obtain and present. (*Id.* at 3.)

Lindell requests that the court either extend the case deadlines so that he can complete discovery and file or respond a dispositive motion on his own, or grant his

---

[1] Captain Swiekatowksi, not the inmate litigation coordinator, conducted the video search. (ECF No. 80 at 1.)

6

request for counsel. Because Lindell is competent to litigate this case on his own, the court will deny his request for counsel. However, it will grant his request for more time.

## ORDER

**THEREFORE, IT IS ORDERED** that the defendants' motion for protective order (ECF No. 71) is **GRANTED**.

**IT IS FURTHER ORDERED** that Lindell's motion for sanctions (ECF No. 73) is **DENIED**.

**IT IS FURTHER ORDERED** that Lindell's motion to compel (ECF No. 76) is **DENIED**.

**IT IS FURTHER ORDERED** that Lindell's motion to appoint counsel (ECF No. 77) is **DENIED**.

**IT IS FURTHER ORDERED** that Lindell's motion to extend deadlines (ECF No. 77) is **GRANTED**. The new deadline for the completion of discovery is September 18, 2020 and the new deadline for filing dispositive motions is October 23, 2020.

Dated at Milwaukee, Wisconsin this 7th day of August, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge