# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NATE A. LINDELL,**

    Plaintiff,

  v.                                         Case No. 19-CV-255

**WILLIAM J. POLLARD, STEVE SCHUELER,
JOHN KIND, JAY VANLANEN,
DREW WEYCKER, KYLE PEOTTER,
JOSHUA GOMM, JESSE AULT,
MICHAEL NEVEU, and ALEX BONIS,**

    Defendants.

## ORDER

Plaintiff Nate A. Lindell, a state prisoner who is representing himself, is proceeding on claims that the defendants retaliated against him by subjecting him to a degrading strip search and placing him a feces-smeared cell, in violation of the First and Eighth Amendments to the United States Constitution. (ECF No. 13.) Lindell alleges that defendants Cpt. VanLanen and Gomm retaliated against him for writing complaints and articles by subjecting him to a degrading strip search; that defendants VanLanen, Gomm, Neveu, Ault, Bonis, Weycker, and Peotter retaliated against him for his complaints and letter writing by placing him in a feces-smeared cell; and that defendants Pollard, Schueler, and Kind turned a blind eye to abusive and retaliatory treatment of inmates in Green Bay Correctional Institution's Restrictive Housing

Unit. (ECF No. 47.) Lindell has filed two motions to compel discovery, two motions to appoint counsel, a motion to stay, and a motion to modify the scheduling order.

   1. *Motions to Compel and First Motion to Appoint Counsel*

In his first motion to compel Lindell requests that the court compel the defendants to produce security camera footage of his strip search, body-worn camera (BWC) footage from before and after his strip search, and "cell-search records" from the strip search. (ECF No. 94.) In response, the defendants contend that they have produced all existing responsive footage and that the present motion is repetitive of at least one of the previous five motions to compel or for sanctions that Lindell has filed, which the court denied. (ECF No. 96.) They also contend that Lindell's motion is vexatious and that the court should penalize him $1000 for his vexatious filings.

On May 22, 2020, the court granted in part Lindell's motion to compel and ordered the defendants to provide any video or audio footage that exists involving Lindell from November 30, 2018, which is the date of the alleged strip search and placement in a feces-contaminated restrictive housing unit cell at issue in this case. (ECF No. 65 at 2.) The court directed the defendants to include a declaration explaining the efforts made to obtain any video or audio footage that was not available. (*Id.*) Lindell subsequently filed a motion to compel the defendants to comply with the court's May 22, 2020 order and sanction the defendants for refusing to provide the declaration the court directed them to provide. (ECF No. 76.) The court denied Lindell's motion to compel, finding that the defendants thoroughly responded to the court's May 22, 2020 order. (ECF No. 89 at 6.)

2

Lindell's motion seeks footage from November 30, 2018 and from other dates. To the extent that Lindell seeks footage from November 30, 2018, the court will deny the motion because it is repetitive of his prior motions and the court has already determined that the defendants responded to this request. The court will deny Lindell's motion as it relates to his other requests because, while Lindell states that he consulted with the defendants before seeking court action, the court cannot determine whether Lindell consulted with the defendants as to these specific requests, as required by Federal Rule of Civil Procedure 37(b) and Civil Local Rule 37. Moreover, the court believes that these additional discovery requests are excessive and not proportional to the needs of the case considering the other extensive discovery the defendants have already provided. Even if Lindell had shown that he consulted with the defendants about these specific discovery requests, the court would deny the motion. The court will not impose sanctions at this time.

In his second motion to compel Lindell requests that the court order the defendants to provide all video and audio footage to his agent, Dr. Michael Zigmond, so that it can be compiled into a format that Lindell can use at summary judgment. (ECF No. 97 at 1.) He requests that, alternatively, the court appoint him counsel to help him collate and present the footage. Lindell states that the defendants have provided some video footage to Zigmond, but they redacted footage of other inmates. The court will not order the defendants to send additional, unredacted video footage to Lindell's agent because Lindell does not require the footage at summary judgment. If Lindell believes that there is video footage that is relevant at summary judgment

3

that the defendants have not sent to Dr. Zigmond, he can describe the footage as best he can in his summary judgment filings.

   2. *Motion to Stay, Motion to Modify Scheduling Order, and Second Motion to Appoint Counsel*

Lindell requests that the court stay briefing on the defendants' summary judgment motion until twenty-five days after they have provided him the discovery sought in his first motion to compel. (ECF No. 119.) He also requests that the court extend the time to file his own dispositive motion until twenty-five days after he has reviewed the additional footage. Lastly, Lindell requests that the court appoint counsel given the clear merits of this case, the persistent difficulties in his accessing and presenting evidence, and COVID issues.

Because the court denied Lindell's first motion to compel, his request for an extension of time to respond to the defendants' motion for summary judgment until after they provide him with discovery is moot. However, the court will allow Lindell thirty days from the date of this order to file his response to the defendants' summary judgment motion.

Lindell filed his motion to modify the scheduling order on October 22, 2020. The deadline for filing dispositive motions was the next day, October 23, 2020. Under the circumstances, the court will extend the deadline for Lindell to file a dispositive motion until thirty days from the date of this order.

Lastly, regarding Lindell's request for counsel, the court believes he is competent to proceed on his own. Lindell is actively litigating several cases in the

4

Eastern District. He has a very good understanding of his claims both factually and legally and he can effectively advocate for himself. The court will therefore deny Lindell's motion to appoint counsel.

**THEREFORE, IT IS ORDERED** that Lindell's motion to compel discovery (ECF No. 94) is **DENIED**.

**IT IS FURTHER ORDERED** that Lindell's second motion to compel (ECF No. 97) is **DENIED**.

**IT IS FURTHER ORDERED** that Lindell's motion to appoint counsel (ECF No. 97) is **DENIED**.

**IT IS FURTHER ORDERED** that Lindell's motion to stay consideration of defendants' summary judgment motion (ECF No. 119) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Lindell's motion to modify scheduling order (ECF No. 119) is **GRANTED**. Lindell's response to the defendants' motion for summary judgment is due by **November 30, 2020**. Lindell may file his own motion for summary judgment by **November 30, 2020**.

**IT IS FURTHER ORDERED** that Lindell's motion to appoint counsel (ECF No. 119) is **DENIED**.

Dated at Milwaukee, Wisconsin this 2nd day of November, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge